MEMORANDUM **
Nooria Gardizy, a native and citizen of Afghanistan, petitions for review of the Board of Immigration Appeals’ (“BIA”) order denying her motion to reopen based on changed country conditions and ineffective assistance of counsel. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the denial of a motion to reopen for abuse of discretion. Iturribania v. INS, 321 F.3d 889, 894 (9th Cir.2003). We deny *362 in part and grant in part the petition for review, and remand for further proceedings.
We agree with the BIA’s analysis of Gardizy’s claimed due process violation. Gardizy failed to present evidence that she exercised diligence in discovering her prior attorneys’ errors, and the BIA properly concluded she is not entitled to equitable tolling. See id. at 897 (equitable tolling is available to a petitioner who establishes deception, fraud or error, and exercised due diligence in discovering such circumstances). We note, however, that Gardi-zy’s failure to present evidence on due diligence in filing the motion to reopen, as well as her seemingly inexplicable failure to comply with any of the Lozada requirements to demonstrate ineffective assistance of counsel, may well be due to present counsel’s ineffectiveness.[1] If so, this argument may be raised in a separate motion to reopen.
However, the BIA abused its discretion by failing adequately to consider Gardizy’s motion to reopen based on changed country conditions. See 8 C.F.R. § 1003.2(c)(3)(ii) (permitting motions to reopen to apply or reapply for asylum based on changed country conditions at any time, if supporting evidence was previously unavailable and could not have been discovered or presented at the prior hearing); see also Malty v. Ashcroft, 381 F.3d 942, 946 (9th Cir.2004) (“prior hearing” refers to the asylum hearing before an immigration judge). Gardizy submitted with her motion to reopen a completed asylum application, a declaration from counsel, and country conditions documents describing the status of women in Afghanistan. In its decision, the BIA did not sufficiently address this evidence. See Franco-Rosendo v. Gonzales, 454 F.3d 965, 966 (9th Cir.2006) (“BIA abuses its discretion when it fails to consider and address in its entirety the evidence submitted by a petitioner” (internal quotation marks and citation omitted)). We note, given the passage of time, that Gardizy is not precluded from updating the contents of her motion to reopen. See Malty, 381 F.3d at 946 (“changed country conditions are specifically excepted from the numerical limitations on motions”).
We therefore remand for the BIA to examine Gardizy’s changed country conditions claim.
Finally, as we mentioned in our prior mediation order, the record shows that Gardizy’s son, Nweedullah Gardizy, turned 21 years old on March 10, 2007, and is now eligible to file an 1-130 petition on her behalf. Gardizy may wish to retain expert legal counsel to assist her in obtaining relief from her shoplifting convictions, so that they will not prevent her from later adjusting her status to lawful permanent resident.
This panel will retain jurisdiction over any future petition for review.
PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Her present counsel, Frank Sprouls, was placed on probation by the court less than three weeks after filing the incomplete motion and has been reprimanded by this court regularly.